**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESLEY SINNATHAMBY,<br>        Plaintiff,<br><br>            v.<br><br>MICHAEL DUANE INSCORE, et al.,<br>        Defendants. | CV 20-8930 DSF (MRWx)<br><br><br>**ORDER RE NOTICE OF UNAVAILABILITY** |

On August 19, 2021, defense counsel filed a document titled Notice of Unavailability of Counsel.  This Court's Standing Order, filed in this case on September 30, 2020, provides:

### 16.   <u>"Notice of Unavailability"</u>

While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court and should not be filed.  The filing of such a document may result in sanctions.

The filing of the Notice of Unavailability violates this Court's Standing Order.  To the extent the Notice was meant to communicate with the Court, it is inappropriate.  Counsel lacks the authority to usurp the Court's control of its own docket.  The Court cannot keep track of the hundreds of counsel who have

matters before it at any point in time to be sure it sets no matters that are inconvenient for one of them. Should the Court set a matter when counsel is justifiably unavailable, a request to continue the matter should be filed, with an explanation of the grounds for the unavailability.

Moreover, it is entirely inappropriate for counsel to suggest that this Court would impose sanctions on Plaintiff's counsel under these circumstances. Contrary to the suggestion in the Notice, <u>Tenderloin Housing Clinic, Inc. v. Sparks</u>, 8 Cal. App. 4th 299 (1992) provides no basis for filing such a Notice, even in California state courts. <u>Carl v. Superior Court</u>, 157 Cal. App. 4th 73 (2007); <u>In re Marriage of Falcone</u>, 164 Cal. App. 4th 814, 824 (2008). It certainly has no effect in this Court.

Counsel is ordered to show cause in writing no later than August 27, 2021 why he should not be sanctioned in the amount of $250 payable to the Clerk of the Court for violation of this Court's Standing Order. A hearing on the Order to Show Cause is set for August 30, 2021 at 1:30 p.m. Plaintiff's counsel need not appear. Payment of $250 to the Clerk of the Court by August 27, 2021 will be a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.

Date:  August 20, 2021                     _____

                                           Dale S. Fischer
                                           United States District Judge

2